WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Morah Ella Bey,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Connie Contes, et al.,<br><br>　　　　Defendants. | No. CV-16-3611-PHX-DKD<br><br><br><br>**ORDER** |

The Court previously addressed this case in an Order dated November 3, 2016 (Doc. 5). That Order gave Plaintiff the opportunity to file an Amended Complaint to address two apparent deficiencies in the original complaint. First, there appeared to be no basis for federal court jurisdiction. Second, the complaint was undecipherable in major part. In other words, the Court found it difficult to understand what the Plaintiff was trying to say.

On December 16, 2016, the Plaintiff filed an Amended Complaint which asserts as the alleged basis for jurisdiction the following: "This court has jurisdiction over this matter pursuant to I herby hold the oath of[ccc] to uphold the constitution of this mateer Jd4190, court has no jurisdiction over [sb ,zb] [meb, bs] judge [ccc]and [dcs] has been unconstitutional, perjury under oath violation of acts Clerks masquerading as a judge , the temporary custody notice signed under threat dress and Corrosion , child trafficking,no due process §§ Title 18 U.S.C. Section 241: Conspiracy Against." [quoted as in the original]

The Court again finds that the Amended Complaint does not contain a plain statement demonstrating that the Court has jurisdiction. Plaintiff may be complaining that a state court judge and a state agency have taken custody of her children but the Amended Complaint does not demonstrate that this federal Court has jurisdiction over this matter. Plaintiff's citation to 18 U.S.C. § 241 does not provide this Court with jurisdiction as this statute includes no private right of action. In other words, this is a criminal statute and only the United States Department of Justice may bring a legal action based on this statute. *Mousseaux v. U.S. Com'r. of Indian Affairs*, 806 F.Supp. 1433 (D.S.D. 1992).

Moreover, in our federal system of government, respect between the state and federal courts requires that federal courts often abstain from interfering with matters that are properly before the state courts. *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941). As set forth in the previous Order, it may well be that Plaintiff may contest the state court action by an appeal to a higher court within the Arizona state court system.

Thus, because Plaintiff did not comply with the previous Order that Plaintiff provide a "short and plain statement of the claim showing Plaintiff is entitled to relief", the Court will take the action that it warned Plaintiff about and dismiss this case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and pursuant to the consent of all parties who are presently before the Court to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) (Doc. 8).

**IT IS THEREFORE ORDERED** dismissing this matter without prejudice.

**IT IS FURTHER ORDERED** denying Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

Dated this 3rd day of February, 2017.

_____
David K. Duncan
United States Magistrate Judge